Filed 7/17/14  In re Jason L. CA1/5

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| In re Jason L., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE,<br><br>        Plaintiff and Respondent,<br><br>v.<br><br>Jason L.,<br><br>        Defendant and Appellant. | A139402<br><br>(Alameda County<br>Super. Ct. No. SJ11017903) |

Minor Jason L. was determined to be a habitual truant and declared a ward of the court.  (Welf. & Inst. Code, § 601, subd. (b).)[1]  He was placed on home probation with conditions that he regularly attend school.  After finding that Jason continued to be truant and had engaged in "egregious" conduct which violated the conditions of his probation, the court modified the conditions to include a weekend custodial program and remanded Jason into custody for that purpose.  Jason contends that the court's custodial order must be annulled because the trial court failed to follow required contempt procedures before utilizing incarceration as punishment.  The People concede the point.  We agree and annul the order.

---

[1] All further undesignated statutory references are to the Welfare and Institutions Code.

# I. BACKGROUND

As a result of nonattendance at school, Jason and his mother agreed to the terms of a School Attendance Review Board contract. Jason failed to comply with the contract terms and was declared habitually truant by his school district. He agreed to participate in the truancy mediation program with the probation department and Alameda County District Attorney's Office. Jason's school attendance did not improve, and a wardship petition was filed on November 7, 2011. On January 6, 2012, Jason admitted the allegations of the petition. He was declared a ward of the court, committed to the custody of the probation officer, and was to reside in his mother's home. Among the probation conditions were requirements that Jason attend classes daily and on time; notify the probation officer of tardiness, absence, or disciplinary action; report to, and cooperate with the probation officer, including participation in any recommended counseling program.

At a February 15, 2013 review hearing, the probation officer reported that Jason was not passing any of his classes. The court stated that it was "not satisfied" with Jason's school attendance and authorized up to 26 special Weekend Training Academy (WETA) sessions in juvenile hall if Jason was "not complying with what [he] need[ed] to do." At a further review hearing on May 31, 2013, it was reported that Jason had accumulated six unexcused absences, three missed periods, two tardies, and one tardy of 30 minutes or more. Jason was not present when the probation officer conducted a school visit. The court imposed six out-of-custody WETA sessions. At a July 19, 2013 review hearing, it was reported that Jason had accumulated five unexcused absences, three missed periods, and one tardy of 30 minutes or more since the last review hearing. The court found that Jason's "failure to comply with the court's orders in terms of going to school and doing the WETA program" was "egregious." The court ordered two in-custody WETA sessions and ordered Jason remanded to complete the first weekend. Jason's counsel objected, arguing that Jason had not been provided with an affidavit, setting out specific charges of contempt of court, had not been given a proper opportunity

2

to prepare a defense to a contempt allegation, and had not been afforded a full evidentiary hearing.

Jason filed a timely notice of appeal from the dispositional order. He contends that the juvenile court's July 19, 2013 dispositional order remanding him into custody was unlawful and violated his right to due process.

## II. DISCUSSION

Despite statutory limitations on placement of habitual truants in secure confinement during nonschool hours (§§ 207, subd. (a),[2] 601, subd. (b)), a juvenile court retains the authority to order the secure confinement of a habitual truant who is found to be in contempt of court. (*In re Michael G.* (1988) 44 Cal.3d 283, 287; *In re M.R.* (2013) 220 Cal.App.4th 49, 53 (*M.R*).) However, before the juvenile court may order the secure confinement of a contemptuous habitual truant, the court must comply with the procedural safeguards provided under Code of Civil Procedure section 1209 et seq. (e.g., an affidavit or declaration under penalty of perjury setting forth the grounds for the contempt and an order to show cause). (*M.R.*, at p. 63.) While contending that the juvenile court's order is both moot and nonappealable,[3] the People appropriately acknowledge that the juvenile court failed to comply with the contempt procedures mandated under *Michael G.*, and do not object to annulment of the juvenile court's confinement order. We accept the concession and annul the order.

---

[2] "No minor shall be detained in any jail, lockup, juvenile hall, or other secure facility who is taken into custody solely upon the ground that he or she is a person described by Section 601 or adjudged to be such or made a ward of the juvenile court solely upon that ground, except as provided in subdivision (b) . . . ." (§ 207, subd. (a).)

[3] The *M.R.* court agreed that a similar order entered in that case was technically moot and nonappealable, but nevertheless reached the merits of the claim by exercising its inherent discretion to treat the appeal as a petition for extraordinary writ relief. (*M.R., supra*, 220 Cal.App.4th at p. 65; *id.* at p. 56 [although appeal technically mooted by end of confinement period, court exercised its "inherent discretion to resolve an issue of broad public interest that is likely to recur while evading appellate review"].) We do the same.

As an additional basis for reversal, Jason argues that the contempt order was erroneous because the evidence does not support the court's finding that Jason's conduct was egregious, nor its implied finding that no less restrictive alternative could be effective.  Jason contends that he suffered from a number of corroborated personal, physical, and emotional problems that adversely affected his attendance.  Since we have annulled the contempt order that Jason appeals from, we need not reach these issues.

### III.    DISPOSITION

The court's July 19, 2013 order is annulled.


_____
Bruiniers, J.


We concur:


_____
Jones, P. J.


_____
Simons, J.

4